UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KETUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:20-CR-00055-RGJ |
| TEVIN R. PATTON | DEFENDANT |

UNITED STATES' PRETRIAL MEMORANDUM

*Filed Electronically*

**I.      Facts**

On June 1, 2020, protests and riots continued in Louisville, Kentucky, in the Western District of Kentucky, which occurred in numerous locations around Louisville, and included the area near W Liberty St and Armory Place.

At approximately 10:15 pm, US Secret Service (USSS) Ralph Gerdes (Gerdes) was stationed on the roof buildings in the 400 block of 5th St, Louisville, KY, in an observation capacity over the protest occurring in the area. In that capacity Gerdes heard gun shots near the corner of W Liberty St and Armory Place. While looking for the shooter, Gerdes observed an African American Male (Man), wearing a white t-shirt and black baseball cap standing on the southwest corner of the above intersection. Gerdes observed the man facing west toward law enforcement officers, holding a cell phone, appearing to be recording or taking pictures. A heavyset African American female was seen standing directly behind the Man, facing the opposite direction, as though she was watching the back of the Man. The positioning appeared to be a position of cover. Gerdes observed the man reach into his right pocket several times where a bulge was observed. On the second or third time, the Man pulled out a gun.

Gerdes called out the presence of a gun to alert the other members of the roof post. Gerdes observed the Man point the gun in the air. LMPD officers began deploying teargas and flash bangs toward the Man. The Man was shot several times with pepperballs, causing him to run south on Armory Place to a Kia. Gerdes did not see the vehicle but was told it was red in color and had a temp tag. Gerdes later saw a photograph of Patton and Gerdes believed that Patton was the man observed with the gun on the corner of W Liberty and Armory Place.

Law Enforcement Officers went down to the intersection after the Suspect left the area and recovered eight .45 caliber casings, two of which were S&B manufacturer and six casings were manufactured by Hornaday.

Louisville Metro Police Department (LMPD) Officer Matt Thomerson (Thomerson) was working in an unmarked car in the vicinity of W Liberty and 5th St the evening of June 1, 2020. Thomerson's responsibility was surveillance of the protests. Thomerson heard a call over the radio that a black male in a white T-shirt (the Suspect) discharged a firearm near the intersection of W Liberty and Armory Place.

Thomerson heard a helicopter unit call over the radio that the Suspect get into a Red Kia without a license plate, and head south on Armory Place. Thomerson drove south on fifth and over to where the helicopter unit reported the Red Kia was located. Thomerson observed a car that matched the description of the Suspects' vehicle in a parking lot. Shortly after seeing the vehicle, the vehicle exited the parking lot in front Thomerson. The helicopter unit identified that car as the one the Suspect was in. Thomerson requested additional marked units to assist with the traffic stop.

When the marked units arrived, the traffic stop was initiated for improper tag. After the vehicle stopped, LMPD had the occupants exit the vehicle. The occupants consisted of a black

female driver and a black male passenger, later identified as Patton wearing a white t-shirt, black baseball cap, and four juveniles between the ages of 12 and 15 years of age.

Thomerson spoke to the driver and advised the vehicle had been stopped for improper tag. Thomerson advised LMPD was also looking for a person and firearm that was recently fired near the corner of W Liberty and Armory Place. The driver gave consent to search the vehicle. LMPD Officer Winanas started to search the vehicle. Under the passenger seat, where Patton was sitting, and found a loaded black Springfield XPS 45ACP, serial #AT145857 and one magazine containing 4 rounds of 45 caliber S&B ammunition. Patton was arrested for being a Felon in possession of a firearm and taken into custody. At the time of the arrest, Patton gave his phone to the driver.

In 2016, Patton pleaded guilty to aggravated assault, a felony, out of Tennessee, court case number 15 0628915645785. On May 22, 2020, Patton was charged with 4th Degree Domestic Violence and Fleeing or Evading Police, 1st Degree in Jefferson County, Kentucky.

On June 3, 2020, FBI and ATF Agents arrested Patton at the Louisville Metropolitan Department of Corrections. As part of the arrest, Agents were provided a bag of belongings that were known to be the property of Patton. The property bag appeared to contain a black baseball cap, belt, identification card and cell phone. Patton advised his girlfriend had brought the cell phone to the jail for him. The property bag was turned over to Oldham County Detention Center when Patton was remanded to their custody.

On June 10, 2020, a search and seizure warrant was executed for Patton's phone. An initial review of the phone identified the following items on the phone:

- The phone number associated with the cell phone is 708-982-1781
- On or about March 4, 2020, Patton sent a text asking a third party "Do you know anyone wants to sell a gun"
- Later, Patton received pictures of a Springfield XDs–45, to which Patton responded that he wanted the gun.

3

- On or about March 5, 2020, PATTON sent a text with a new image of the Springfield XDs-45 to another phone number.

On March 8, 2020, Patton posted a video on Dagod Sha King Facebook page of Patton with what appears to be the Springfield XDs-45. In the video, Patton simulates using the pistol to pistol whip his girlfriend. The same video was also found on the seized cell phone.

On June 5, 2020, the Louisville Metro Police Department (LMPD) Real Time Crime Center (RTCC) compiled a work-up on Patton. LMPD RTCC identified the following social media accounts associated with Patton: Facebook: Dagod Sha King, Facebook: Patton and Instagram: Shaking Patton. On June 1, 2020, Patton uploaded a Facebook live video on Facebook ID Dagod Sha King. In that video, Patton shows his face, makes comments such as "Shoot back at them!", referring to shooting at police, shows a gun in his hand, which appears to be the gun found under Patton's seat in the vehicle when Patton was arrested. Patton live streamed criminal activity. The Facebook live video was observed from Patton's live stream open to the public.

Patton was charged by criminal complaint with violation of Title 18, United States Code, Section 922(g) on June 2, 2020. He was indicted by a federal grand jury in the Western District of Kentucky on June 17, 2020 in criminal case number 3:20-CR-55-RGJ.

## II.     Statutes and Elements of the Offenses

**Counts 1: 18 U.S.C. 922(g) (Felon in Possession)**

1. The defendant knowingly possessed (shipped, transported, received) the firearm (ammunition) as charged;
2. At the time he or she possessed (shipped, transported, received) the firearm (ammunition), the defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and
3. The possession of the firearm was in or affecting commerce (the firearm (ammunition) was shipped (transported) in interstate or foreign commerce) (the firearm (ammunition) received was shipped (transported) in interstate or foreign commerce).

### III.    Potential Trial Issues
None anticipated at this time.

IV.     **Potential Legal Issues**
        None anticipated at this time.

V.      **Jury Instructions**

## Count 1

**12.01 Firearms — Possession of Firearm or Ammunition by Convicted Felon (18 U.S.C. § 922(g)(1))**

(1) Count of the indictment charges the defendant with being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year.

(B) Second: That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

(C) Third: That the specified firearm crossed a state line prior to or during the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

(2) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Pattern Crim. Jury Instr. 6th Cir. 12.01 (2019 ed.), Pattern Crim. Jury Instr. 6th Cir. 12.01 (2019 ed.)

I.      VOIR DIRE

1.      This case was investigated by the FBI, LMPD and the United States Secret Service. Has anyone had any contact, one way or another, good or bad, with this or any other law enforcement agency?

2.      There will be local law enforcement and federal agents testifying in this case. Has anyone had a really good or bad experience with the United States Attorney's Office, a police officer, or federal agent—even something like getting a traffic ticket you did not think you deserved—

that you think would affect your ability to listen to his or her testimony and give it the same weight as any other witness?

3.      Has anyone served in law enforcement in his or her community or elsewhere? What about family members?

4.      Have any of you ever been the victim of crime, or do you have a friend or family member who has been the victim crime? Has anyone had an elderly loved one be the victim of theft by a domestic worker or senior health care provider?

5.      You will likely hear testimony from several witnesses who are government employees. Can you fairly evaluate the credibility of government witnesses by considering all available evidence in determining if those witnesses are truthful in their testimony?

6.      At the end of the case the Court will instruct you on the elements of each offense. Those are the facts that the government must prove to you beyond a reasonable doubt. That is their burden. Will any of you hold the government to a different burden based on your expectations or require the government to prove to you something that is not in the instructions. In other words, can you convict someone if the government has proven all the elements of the crime, but has not proven something else that you may be wondering about?

7.      Do all of you understand that you must set aside any personal feelings you may have about what the law ought to be if they conflict with the law contained in the Court's instructions? Is there anyone who thinks that they will not be able to follow the law that the Court gives you in the instructions?

8.      Are any of you currently employed by a law enforcement agency, or do you have friends or family members employed by law enforcement agencies?

9. Have you or a close friend or family member ever been arrested or charged with a crime?

10. Have you or a close friend or family member ever testified for a defendant in a criminal trial?

11. Have you or a close friend or family member ever served time in a jail or prison?

12. Have any of you ever served on a jury before?

13. If you have served on a jury before, was it a civil or criminal case?

14. If you have served on a criminal jury before, did you deliberate and reach a verdict in the case?

15. If you did deliberate and reach a verdict, what was the verdict in the case?

16. If you served on either a criminal or civil jury before, did you serve as the foreperson?

17. If you served on either a criminal or civil jury before, is there anything about that experience that would prevent you from listening to the evidence in this case and bringing back a verdict based only on the evidence?

18. Do you understand that in federal court, the punishment a defendant receives, if any, is to be imposed by the Court and your verdict must in no way be affected by your concern for what punishment would be proper?

19. Do you understand that the duty of the Government is to prove guilt to the exclusion of a reasonable doubt, but the government is not required to prove guilt beyond all possible doubt?

20. Do you understand that a defendant on trial is entitled to a presumption of innocence however, as with all presumptions, it may be overcome by competent evidence?

21. Do you understand the law makes no difference between direct and circumstantial evidence and the weight to be given to it; that the burden is one of proof beyond reasonable doubt. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you conclude that it was raining.

22. Are there any of you who, because of religious, philosophical, or any other reason, do not feel you could sit in judgment of these facts and vote to return a verdict of guilty regardless of the proof in this case?

23. Are there any of you who have difficulty hearing, seeing, or sitting for long periods of time?

24. Are there any of you that have events in your life presently that would distract you or divert your attention from the testimony and evidence of this case?

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

*s/Joshua Judd*_____
Joshua Judd
Assistant United States Attorney
717 West Broadway

Louisville, Kentucky 40202
PH: (502) 625-7049
FAX: (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2020, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Laura Wyrosdick, counsel for the defendant, Tevin R. Patton.

*s/Joshua Judd*
Joshua Judd
Assistant United States Attorney