**FILED**
Vanessa L Armstrong, Clerk
Nov 10 2020
U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA      PLAINTIFF

v.      CRIMINAL NO. 3:20-CR-00055-RGJ

TEVIN R. PATTON      DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, TEVIN R. PATTON, and his attorney, Laura Wyrosdick, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 18, United States Code, Section 922(g). Defendant further acknowledges that the Indictment in this case seeks forfeiture of Springfield Armory USA Model XDs-45, .45 Caliber, Serial Number AT145857, and ammunition, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 1 of the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On June 1, 2020, TEVIN R. PATTON, knowingly possessed and discharged a Springfield Armory USA Model XDs-45, .45 Caliber, Serial Number AT145857, and ammunition, in Jefferson County, Kentucky, in the Western District of Kentucky. PATTON had previously been convicted on October 31, 2013 of Criminal Attempt Aggravated Burglary, Case Number 11-06968, in Shelby County Criminal Court, Tennessee. In addition, PATTON was convicted on June 20, 2016, of Criminal Attempt Aggravated Assault, Aggravated Burglary, and Escape from Felony Incarceration, Case number 15-06289 in Shelby County Criminal Court, Tennessee. The Springfield Armory USA Model XDs-45, .45 Caliber, Serial Number AT145857, was not manufactured in the Commonwealth of Kentucky and therefore traveled in interstate commerce when it was possessed by PATTON in Louisville, Kentucky.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000, and a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he may be ordered to forfeit a Springfield Armory USA Model XDs-45, .45 Caliber, Serial Number AT145857, and ammunition.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in

separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the Court.

  C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. There is no restitution in this matter. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will

> -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

> -recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such

conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-recommend and demand forfeiture of Springfield Armory USA Model XDs-45, .45 Caliber, Serial Number AT145857, and ammunition.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows: *[handwritten: ∆ does not agree to calculations]*

A. The Applicable Offense Level should be determined as follows:

| | | |
|---|---|---|
| 2K2.1(a)(2) | Base 24 | (two felony convictions of crime of violence) |
| 2K2.1(b)(6)(B) | +4 | (in connection with another felony offense) |
| 3E1.1 | -3 | (acceptance of responsibility) |

*[handwritten initials in margin]*

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and

5

voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

14. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

16. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. The defendant may argue for a departure or variance.

17. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By: _____  11/10/2020
Joshua Judd                          Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____  11-10-2020
Tevin R. Patton                    Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____  11/10/2020
Laura Wyrosdick                    Date
Counsel for Defendant

RMC:JDJ

7

# FINANCIAL STATEMENT



United States Attorney's Office
Western District of Kentucky

## A. GENERAL INSTRUCTIONS - READ CAREFULLY

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." DO NOT leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

## B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number:_____

Name of Person Completing Form:

_____
First                                  Middle                                  Last

My Signature: _____ Date_____

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. §§ 1651, 3201-3206; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3); and Fed.R.Civ.33(a).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53321; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRIM-016 at page 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

Revised 1/19/17

Page 1